Electronically Filed - Jackson - Independence - December 08, 2021 - 09:52 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | | |
|---|---|---|
| ARELY CASTANEDA | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| vs. | ) | Case No.: |
| | ) | |
| OSMAN ADEN, | ) | Division No.: |
| **SERVE WITH PROCESS:** | ) | |
| 292 E TOWNHOUSE VILLA #3570 | ) | |
| SALT LAKE CITY, UT 84115, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| QFS TRANSPORTATION LLC | ) | |
| **SERVE WITH PROCESS:** | ) | |
| 1224 BELLEVIEW DRIVE, | ) | |
| GREENDALE, IN 47025, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| PROGRESSIVE CASUALTY INSURANCE | ) | |
| COMPANY | ) | |
| **SERVE WITH PROCESS:** | ) | |
| Director of Insurance | ) | |
| 301 W. High Street, Room 530 | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**PLAINTIFF'S PETITION FOR DAMAGES**

COMES NOW, Plaintiff, Arely Castaneda, by and through counsel with the Devkota Law Firm.,

L.L.C., for cause of action against Defendant Osman Aden, Defendant QFS Transportation LLC., and

Defendant Progressive Casualty Insurance Company, Plaintiff states and alleges the following:

PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is an individual, over the age of 18 years, and is at all times relevant herein, a

resident of Kansas City, Jackson County, Missouri.

2.      Defendant Osman Aden (hereafter collectively "Defendant Aden") is an individual over

the age of 18, who resides and may be served at 292 E Townhouse Villa #3570, Salt Lake City, UT

84115-4723.

3.      Defendant QFS Transportation LLC., (hereafter collectively "Defendant QFS") is a corporation doing business in the State of MO, with principal office address of 1224 Belleview Drive, Greendale, IN, 47025

4.      Defendant Progressive Casualty Insurance Company, (hereafter collectively "Defendant Progressive") is a corporation doing business in the State of MO, and may serve via Director of Insurance, 301 W. High Street, Room 530, Jefferson City, MO 65101.

5.      The Court enjoys jurisdiction over the parties to and subject matter of this case, wherein the Court has interest in a motor vehicle collision occurring in the jurisdiction and all parties drove on roadways within Kansas City, Jackson County, Missouri at the time of the alleged motor vehicle collision.

6.      Jurisdiction is also proper where all Defendants are alleged to have committed tortious acts in Missouri. As such, the exercise of jurisdiction over all Defendants comports with the Missouri and United States Constitutions. *See generally*, Mo. Rev. Stat. § 506.500.3.

7.      Venue is also proper in this Court, where Plaintiff first suffered injuries as a result of this motor vehicle collision within Kansas City, Jackson County, Missouri per Mo. Rev. Stat. § 508.010.4.

8.      All acts, omissions, transactions and occurrences alleged herein took place in Kansas City, Jackson County, Missouri.

## FACTS COMMON TO ALL COUNTS

9.      At about 1:15 p.m. on December 8, 2016, Plaintiff was traveling westbound on Admiral Boulevard near The Paseo Street in Kansas City, Jackson County, MO; Defendant Aden, was traveling in the same direction in a semi-truck owned by Defendant QFS, towing an open wheel skeletal trailer. Defendant Aden was traveling in the far left of the travel lane and appeared to be continuing to travel straight through the intersection. Plaintiff approached the intersection and signaled a right turn and proceeded to begin a right turn. At the same time Defendant Aden, suddenly and without warning began turning right at the same intersection as Plaintiff. Plaintiff was trapped in a right turn squeeze between Defendant Aden's trailer and the side of the road. Plaintiff stopped, and repeatedly sounded the warning

horn on her vehicle, but Defendant Aden did not hear the warning horns and continued into the turn striking Plaintiff. The rear trailer wheels impacted the driver's side of Plaintiff's vehicle causing property damage and bodily injury to Plaintiff.

10.    As a direct and proximate result of the carelessness and negligence of Defendant Aden and Defendant QFS, Plaintiff sustained bodily injuries, and pain including but not limited to: Cervical traumatic myofascitis with myofascial pain syndrome, Lumbar traumatic myofascitis with myofascial pain syndrome, Upper thoracic spine traumatic myofascitis and myofascial pain, Shoulder traumatic myofascitis and myofascial pain syndrome, Sacroiliac traumatic myofascitis with myofascial pain syndrome, Traumatic myositis, Cervicothoracic sprain, Dorsal sprain, Lumbosacral sprain, Traumatic cervical radiculitis, Traumatic cervicothoracic radiculitis, Traumatic lumbosacral radiculitis, Traumatic thoracolumbar radiculitis, Lumbar pain, Cervicalgia, Pain thoracic spine, and Sciatica, which are continuing, progressive and debilitating and have led to pain and suffering, loss of sleep, gross anxiety, loss of enjoyment of life, and duties under duress for Plaintiff.

11.    Plaintiff has incurred thousands of dollars in medical special damages and may continue to experience pain and incur future medical expenses due to Defendants' combined negligence.

12.    As a direct and proximate result of the carelessness and negligence of Defendant Aden and Defendant QFS, Plaintiff was caused to suffer these losses and damages.

## COUNT I — NEGLIGENCE– DEFENDANT ADEN

13.    Plaintiff realleges each and every averment, stated or implied, within the above paragraphs of 1-12 of Plaintiff's Petition for Damages as if fully set forth.

14.    Defendant Aden breached his dut(ies) as a commercial driver at the time of this collision, including but not limited to:

a.    Failing to use that highest degree of care as a Missouri driver;

b.    Failing to keep a careful lookout;

c.    Failing to drive entirely within a single land and not move from such lane until ascertaining that such movement could be made with safety;

d.      Failing to slacken speed for the conditions or to slow or stop as necessary;

e.      Failing to maintain a proper distance between his car and those motor vehicles around him so as to avoid this collision;

f.      Failing to signal before making a turn;

g.      Entering a right turn with the rear of the trailer too far from the curb;

h.      Failing to use windows and mirrors to keep a lookout and properly manage space;

i.      Driving in a distracted and/or inattentive state;

j.      Other failures, omissions and acts to be revealed through discovery.

15.      As a direct and proximate result of Defendant Aden's negligence, Plaintiff suffered the afore mentioned permanent and progressive injuries, damages, and losses respectively from this collision.

16.      In addition, as a direct and proximate cause of Defendant Aden's negligence, Plaintiff also suffered past medical expenses and will, to a reasonable degree of medical certainty, require additional medical care and future treatment, as well as suffer future non-economic losses.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in Plaintiff's favor and against Defendant Aden on Count I – Negligence for damages in an amount that is fair, reasonable, and in excess of $50,000.00 for each, for court costs and litigation expenses under statute, for pre-judgment and post-judgment interest as applicable, and for such and further relief as the Court deems just.

## COUNT II — NEGLIGENCE – DEFENDANT QFS

17.      Plaintiff realleges each and every averment, stated or implied, within the above paragraphs of 1-16 of Plaintiff's Petition for Damages as if fully set forth.

18.      At all relevant times, Defendant QFS had a duty to employ individuals to operate their vehicles with the highest degree of care.

19.     Defendant QFS failed to exercise the highest degree of care and was thereby negligent and/or reckless in the operation and control of their vehicle in one or more of the following respects, including but not limited to:

    a.    Failing to employ individuals that would keep a careful lookout;

        i.    Failing to employ individuals that would use the highest degree of care as a Missouri driver;

    b.    Employing individuals that drive in a distracted and/or inattentive state;

    c.    Employing individuals that fail to use turn signals for turns;

    d.    Employing individuals that fail to safely transport a trailer;

    e.    Other failures, omissions and acts to be revealed through discovery.

20.     That as a direct and proximate result of the negligence of Defendant QFS, Plaintiff has been caused to experience and incur physical injury. Plaintiff sustained the injuries afore mentioned above in Count I as a result of the negligence of Defendant QFS.

21.     In addition, as a direct and proximate cause of Defendant QFS's negligence, Plaintiff also suffered past medical expenses and will, to a reasonable degree of medical certainty, require additional medical care and future treatment, as well as suffer future non-economic losses.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in Plaintiff's favor and against Defendant QFS on Count II – Negligence for damages in an amount that is fair, reasonable, and in excess of $50,000.00 for each, for court costs and litigation expenses under statute, for pre-judgment and post-judgment interest as applicable, and for such and further relief as the Court deems just.

### COUNT III — NEGLIGENCE PER SE – DEFENDANT ADEN

22.     Plaintiff realleges each and every averment, stated or implied, within the above paragraphs of 1-21 of Plaintiff's Petition for Damages as if fully set forth.

23.     The motor vehicle collision and Plaintiff's complaints, injuries, and damages are a direct result of Defendant Aden's negligent actions, omissions, and violation of Mo. Rev. Stat. § 304.014, and one or more of the following, including but not limited to:

    a.    Defendant Aden failed to drive in a "careful and prudent manner" so as to exercise the highest degree of care that a very careful person would use under the same or similar circumstances while operating his motor vehicle under Missouri law. See Mo. Rev. Stat. § 304.012.1.

    b.    Defendant Aden failed to drive his vehicle entirely within a single lane and moved from a single lane before ascertaining that such movement could be made with safety. *See* Mo. Rev. Stat. § 304.015.5(1), *See also* Mo. Rev. Stat. § 304.016.1(2)

    c.    Other failures, omissions and acts to be revealed through discovery.

24.     Defendant Aden knew or by the use of the highest degree of care, should have known that there was a reasonable likelihood of collision in time thereafter to have braked, swerved or sounded a warning, but Defendant Aden failed to do so.

25.     As a direct and proximate cause of Defendant Aden's negligence *per se*, Plaintiff suffered the above permanent and progressive injuries, damages, and losses respectively from this collision.

26.     In addition, as a direct and proximate cause of Defendant Aden's negligence *per se*, Plaintiff also suffered past medical expenses and will, to a reasonable degree of medical certainty, may require additional medical care and future treatment, as well as suffer future non-economic losses.

    WHEREFORE, Plaintiff requests that this Court enter judgment in their favor and against Defendant Aden on Count III – Negligence *Per Se* for damages in an amount that is fair, reasonable, and in excess of $50,000.00 for each, and to deter others from undertaking similar conduct, for court costs and litigation expenses under statute, for pre-judgment and post-judgment interest as applicable, and for such and further relief as the Court deems just.

Electronically Filed - Jackson - Independence - December 08, 2021 - 09:52 PM

## COUNT IV – VICARIOUS/RESPONDEAT SUPERIOR LIABILITY
## (DEFENDANT QFS)

27.     Plaintiff realleges each and every averment, stated or implied, within the above paragraphs of 1-26 of Plaintiff's Petition for Damages as if fully set forth.

28.     At all times relevant herein, the truck that Defendant Aden was driving at the time of the subject collision, was owned by and/or leased to Defendant QFS.

29.     At all times relevant herein, Defendant Aden was an agent, servant and/or employee of Defendant QFS.

30.     The negligence of Defendant Aden as set forth in Count I and Count III, is imputable to Defendant QFS which is therefore vicariously liable for Defendant Aden's acts and omissions, under the doctrine of respondeat superior.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendant QFS on Count IV of this Petition, that the Court award Plaintiff a fair and reasonable amount to adequately compensate Plaintiff for all damages, including punitive damages and/or damages for aggravating circumstances, prejudgment interest, interest on the judgment, costs of this action and such other further relief as this Court deems just and proper.

## COUNT V – BREACH OF CONTRACT FOR UNINSURED MOTORIST CLAIM AGAINST
## PROGRESSIVE CASUALTY INSURANCE COMPANY

31.     Plaintiff realleges each and every averment, stated or implied, within the above paragraphs of 1-30 of Plaintiff's Petition for Damages as if fully set forth.

32.     Plaintiff purchased an Insurance Policy through the Defendant Progressive Casualty Insurance Company for automobile coverage, including coverage for uninsured motorist protection.

33.     Defendant Progressive issued the Insurance Policy to Plaintiff as an insured, which formed the basis for Claim No. 163365963.

34.     As such, the Insurance Policy was in full force and effect on the above-referenced date of the auto accident.

35.     As referenced above, Plaintiff's injuries were caused by the uninsured motorists at fault for the auto accident due to their negligence.

36.     All conditions precedent to the liability of Defendant Progressive, as Plaintiff's own uninsured Insurance Policy, have been met.

37.     Plaintiff is legally owed benefits under the uninsured Insurance Policy for her claims and damages.

38.     Defendant Progressive breached its contract for insurance coverage with Plaintiff and is legally liable for her claims and damages in this lawsuit.

39.     Defendant Progressive has a contractual duty and legal obligation to provide compensatory uninsured motorist benefits to the Plaintiff for all of the damages they would be legally entitled to recover from the uninsured motorist who caused Plaintiff's damages under the Insurance Policy.

40.     Defendant Progressive breached its contractual duty and legal obligation to Plaintiff by failing to provide all of the compensatory uninsured motorist benefits Plaintiff is legally entitled to recover as a result of damages caused by the uninsured motorist under the Insurance Policy.

41.     As a direct and proximate result of Defendant Progressive's breach of the Insurance Policy, Plaintiff is legally entitled to damages in the amount of the Insurance Policy's UM coverage for:

   a.   Past health care expenses;

   b.   Future health care;

   c.   Substantial pain, suffering and emotional distress;

   d.   And Personal property losses and loss of use.

WHEREFORE Plaintiff prays for judgment in her favor and against Defendant Progressive Casualty Insurance Company on Count V for Breach of Insurance Contract, for all amounts owed to her under the contract for insurance, in an exact amount unknown at this time, for all compensatory damages totaling potentially in excess of $50,000.00, and for any other remedy as this Court deems appropriate and just.

**DEMAND FOR JURY TRIAL**

Pursuant to Mo. Rev. Stat. § 510.190.1, Plaintiff requests trial by jury on all issues so triable.

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

*/s/ Christopher Isbell*

Christopher Isbell,      MO # 71412

Tarak A. Devkota,      MO # 51604

4010 Washington Street, Suite # 350

Kansas City, MO 64111

(816) 842-9100

(816) 888-8770 - FAX

isbell@devkotalawfirm.com

litigation@devkotalawfirm.com

**ATTORNEYS FOR PLAINTIFF**